## Stephen BROWN et al.

v.

## PROVIDENCE POLICE DEPARTMENT et al.

No. 2002–133–Appeal.

Supreme Court of Rhode Island.

March 21, 2003.

Kevin McHugh, Providence/Lincoln Lennon.

Staci L. Kolb.

### ORDER

The plaintiffs, the Rhode Island affiliate of the American Civil Liberties Union and its Executive Director, Steven Brown, and Program Development Coordinator, Amy E. Moses (collectively, ACLU or plaintiffs), appeal the denial in part of their motion for summary judgment. This case came before the Court on March 5, 2003, pursuant to an order that the parties show cause why the issues raised should not be summarily decided. Upon hearing the arguments of counsel and examining the memoranda filed by the parties and the record of the proceedings below, we conclude that cause has not been shown, and that the case should be decided at this time. We dismiss the appeal, since the denial of a motion for summary judgment is not an appealable order. Such a denial is interlocutory in nature. *McKinnon v. Rhode Island Hospital Trust National Bank*, 713 A.2d 245, 247 (R.I.1998). Consequently, the denial may be reviewed only upon petition for a writ of certiorari. *Id.*

The plaintiffs had sought records from the City of Providence (the city) and the Providence Police Department (the department) pertaining to their policies with regard to the use of mounted surveillance cameras. The defendants, Colonel Urbano Prignano, Jr., in his capacity as the department's Chief of Police, and Stephen Napolitano, in his capacity as city Treasurer, denied the ACLU's request. The plaintiffs subsequently filed suit, claiming that defendants had wrongfully denied them access to documents recording the policies in violation of the Access to Public Records Act, G.L. 1956 chapter 2 of title 38 (the act). Both parties moved for summary judgment. At a hearing on the motions, the Superior Court justice denied defendants' motion, and granted plaintiffs' motion in part. The motion justice denied plaintiffs' motion for summary judgment with regard to their claim that the act required the imposition of a civil fine and the award of attorney's fees. The plaintiffs appealed this denial.

This Court has consistently declined to review an order denying a motion for summary judgment because such determinations are merely interlocutory. *McKinnon v. Rhode Island Hospital Trust National Bank, supra.* An interlocutory order is not appealable. *Id.*

Accordingly, we dismiss the appeal, and remand the case to the Superior Court for further proceedings consistent with this order.